UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KARI SPRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04729-TWP-DLP |
| | ) | |
| JOHNSON COUNTY JAIL, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening and Dismissing Complaint and Directing Further Proceedings**

Plaintiff Kari Spray, who is in custody at the Jackson County Jail in Brownstown, Indiana, filed this civil rights action alleging that the conditions of her confinement in summer 2019 at the Johnson County Jail in Franklin, Indiana, were unconstitutional. Because Ms. Spray is a prisoner, the Court must screen her complaint. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

The Court must dismiss the complaint or any part of it that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court applies the same standard at screening as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints like Ms. Spray's are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. The Complaint

The complaint names two defendants: the Johnson County Jail and the Johnson County Sheriff's Department.

Ms. Spray makes several allegations about her confinement, including that (1) she was beaten by prison guards to the point of miscarriage; (2) she was denied medical treatment for a stroke, a seizure, and several asthma attacks; (3) officers constrained her too tightly, causing permanent nerve damage; (4) she was forced to sleep on a mat covered in someone else's blood, feces, and urine; (5) she was denied a breast pump, nursing bra, and nursing pads; (6) she was housed with inmates who physically attacked her; (7) she was alternately denied and given too much blood pressure medication; (8) she was denied asthma medication and given the wrong dose of thyroid medication; (9) jail staff retaliated against her for filing grievances; (10) jail staff opened and read her legal mail; and (11) she was denied access to the law library and legal research materials. Ms. Spray does not name any individual officials who allegedly committed these acts.

Ms. Spray does not state the relief she seeks.

## III. Discussion

The federal claims in this action are necessarily brought pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (internal quotation omitted).

All claims against the Johnson County Jail are **dismissed** because Ms., Spray cannot sue the jail itself. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (county jail not a suable entity).

All claims against the Johnson County Sheriff's Department are **dismissed** for failure to state a claim upon which relief can be granted. The Sheriff's Department is not liable under § 1983 merely because department employees committed unconstitutional acts. Instead, Ms. Spray must allege that the Sheriff's Department's own acts violated the Constitution. *See Levy v. Marion Cty. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 98 S. Ct. 2018 (1978). A sheriff's department or other municipality "acts through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy*, 940 F.3d at 1010 (cleaned up). Ms. Spray has not alleged any constitutional injury caused by a written policy, widespread practice or custom, or act of a final decisionmaker. She has therefore failed to state a claim against the sheriff's department.

### IV. Opportunity to File Amended Complaint

Although Ms. Spray's claims are dismissed, the Court will not yet dismiss the entire action. Instead, she shall have **through March 5, 2020,** to file an amended complaint. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

The amended complaint will completely replace the original complaint. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017). As such, it must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide each defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what harm Ms. Spray has suffered and which persons are responsible for the harm. When filing an amended complaint, Ms. Spray should remember that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The amended complaint should have the proper case number, 1:19-cv-04729-TWP-DLP, and the words "Amended Complaint" on the first page.

**IT IS SO ORDERED.**

Date: 2/5/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KARI SPRAY
29259
C/O JACKSON COUNTY JAIL
150 E. SR 250
BROWNSTOWN, IN 47220

William W. Barrett
WILLIAMS HEWITT BARRETT & WILKOWSKI LLP
wbarrett@wbwlawyers.com

Francis Xavier Mattingly
WILLIAMS BARRETT & WILKOWSKI, LLP
fmattingly@wbwlawyers.com